**SABRINA P. SHROFF**
ATTORNEY

80 BROAD STREET
19ᵀᴴ FLOOR
NEW YORK, NEW YORK 10004
TEL: (646) 763-1490

March 24, 2023

**By ECF**

Hon. Valeri E. Caproni
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re: *United States v. Davis*, 21 Cr. 603 (VEC)

Dear Judge Caproni:

      On March 9, 2023, I wrote the Court and moved for two forms of relief: (i) that the Court order the government to meet its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972) and provide defense counsel with the identity of the individuals who had made certain exculpatory statements to the government; and (ii) that the Court order the government to remove its designation of two government letters, dated September 18, 2022 and February 21, 2023 as "highly confidential" as there was nothing confidential, much less highly confidential, in those letters. *See* 3/9/23 Letter Motion to Court [Docket No. 831] ("Letter Motion") at 1-2

      As to the *Brady/Giglio* motion, on March 14, 2023, the government disclosed the identity of the individuals who had made the exculpatory statements at issue to undersigned defense counsel. Hence, the *Brady/Giglio* portion of the Letter Motion is now moot.

      As to the "de-designation" motion, the government contends that designating both letters in their entirety is appropriate. *See* 3/17/23 Government Letter [Docket No. 853] ("Govt. Opp.") at 1-3. For the reasons discussed below, the government is mistaken, and the Court should Order the government to remove the designations.

## DISCUSSION

      The government begins its opposition by "clarifying" that it actually "mark[ed] the disclosure letter materials in question as 'confidential' and [only the] witnesses' names as 'highly confidential.'" Govt. Opp. at 1-2; *but cf.* 9/18/22 Govt. Ltr. at 2 ("This letter is marked "Highly Confidential" under the terms of the Protective Order in this matter."); 2/21/23 Govt. Ltr. at 1 (same). The government's "clarification" is unsuccessful. The information in the subject letters remain neither "confidential" nor "highly confidential," and should not be designated as such.

      The Protective Order in this case [Docket No. 165] carefully limits "Confidential Material" to "material that affects the privacy and confidentiality of individuals and entities," such as financial information, PII, and personal health information. Protective Order ¶ 2. In turn, "Highly Confidential Material" is even more restrictive. It is carefully limited to "highly confidential material that affects the privacy and confidentiality of individuals or entities such that its disclosure could cause substantial harm to those individuals or entities," such as "personal health information pertaining to uncharged third parties." *Id.* ¶ 3. The information in the subject letters – essentially

Hon. Valeri E. Caproni  March 24, 2023
Judge, Southern District of New York  Page 2
Re: *United States v. Davis*, 21 Cr. 603 (VEC)

a series of exculpatory statements made by certain witnesses about the actions or inactions of certain defendants – simply do not fit within these carefully limited definitions.

The government baldly contends that the two letters must be designated "to protect the integrity of the government's ongoing investigation and minimize undue harassment of potential witnesses." Govt. Opp. at 2. Tellingly, however, the government's three-page letter deals exclusively in generalities. Thus, no explanation is provided as to how the exculpatory statements in the letters reveal any allegedly secret investigatory strategy or tactics that might jeopardize the integrity of this or any future investigation. Nor could the government provide such an explanation. On their face, the letters contain the same type of usual and standard discovery that is a routine part of every prosecution – the government interviewed witnesses and wrote down what they said.

The only information specifically identified by the government as sensitive are the names of "potential witnesses," which the government claims merit a "highly confidential" designation. Govt. Opp. at 2. Again, no details are provided. The government never asserts that these witnesses are not limited public figures; never asserts these witnesses have been harassed or threatened; never identifies the "substantial harm" facing these persons should their names become public; and never explains how the information in the letters would risk or increase any such harm. Certainly, the government never explains – because it cannot – how this narrow concern as to names justifies designating every single word of the subject letters as "confidential," rather than simply redacting just the names themselves from the public record, should the government show that any real harassment risk exists. It is well-settled that the government must do more than what it does here – proffer conclusory assertions of alleged concerns. The government must show that its concerns are grounded in specific fact. *See, e.g., United States v. Smith*, 985 F.Supp.2d 506, 523 (S.D.N.Y. 2013) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing.") (quoting *United States v. Wecht*, 484 F.3d 194, 211 (3d Cir. 2007)); *Smith,* 985 F.Supp.2d at 531 ("As is true with the assertion of protecting the interests of third parties, the Government has the burden of demonstrating, and not just alleging, that public disclosure of the Rule 16 materials in this case could jeopardize ongoing investigations."); *In re "Agent Orange" Prod. Liab. Litig.*, 821 F.2d 139, 145 (2d Cir. 1987) (stating that "if good cause is not shown, the discovery materials in question should not receive judicial protection and therefore would be open to the public for inspection").[1]

In sum, the government erred when, indiscriminately and without good cause, it designated both letters as entirely confidential, and those sweeping designations should be lifted. *See United States v. Lindh,* 198 F.Supp.2d 739. 742 (E.D. Va. 2002) (stressing that a court should not impose a protective order "broader than is necessary to accomplish [its] goals"). At most, in the absence of specific facts showing a real, material risk to, for example, national security or investigative techniques, the government should, when choosing to designate material, limit such designations or redaction to Personal Identifying Information ("PII"), as per standard Southern District practice.

---

[1] If there was any real substance to the government's purported concerns that could only be shown by going outside the four corners of these two entirely standard letters, the government could ask to demonstrate that substance in an *ex parte*, *in camera* review. *Cf. United States v. Kerik,* Docket No. 07 Cr. 1027 (LAP), 2014 WL 12710346, at *2 (SDNY July 23, 2014) ("a court may review *ex parte* submissions in camera to determine if there is good cause for documents to be subject to a Protective Order"); *Smith*, 985 F.Supp.2d at 531 (same).

Hon. Valeri E. Caproni  March 24, 2023
Judge, Southern District of New York  Page 3
Re: *United States v. Davis*, 21 Cr. 603 (VEC)

*See, e.g.,* United States District Court for the Southern District of New York, "Notice Regarding Privacy And Public Access To Electronic Civil And Criminal Case Files" at 1 ("In compliance with the E-Government Act of 2002, a party wishing to file a document containing the personal data identifiers listed above [social security numbers, names of minor children, dates of birth, financial account numbers, and home addresses] must file a redacted version in the public file" and a party should also "exercise caution when filing documents that contain the following: personal identifying number, such as a driver's license number; medical records; treatment and diagnosis; employment history; individual financial information; proprietary or trade secret information; [and] information regarding an individual's cooperation with the government"), available at https://www.nysd.uscourts.gov/sites/default/files/pdf/egovtact042005.pdf. That is not what the government did here.

The government contends that it may designate material as it sees fit, so long as "the confidentiality designations [do not] impede the defendant's ability to prepare a defense," and, further, that it is up to defense counsel to demonstrate "how, if at all, the confidentiality designations have interfered with the ability to prepare a defense." Govt. Opp. at 2. The government is wrong. As the proponent of the designation, it is the government that bears the burden of showing that any designation is appropriate. *See, e.g., In re "Agent Orange" Prod. Liab. Litig.*, 821 F.2d at 145 (stating that it is "the party seeking a protective order has the burden of showing that good cause exists").

There is no language in the Protective Order that permits inappropriate designations to remain, so long as defense counsel does not prove "interference." To the contrary, making the government responsible for designating material (*see* Protective Order at ¶¶ 2, 3), brings with it the good cause requirement attendant to the entry of the Protective Order in the first place. Reflexively designating every word in a document as "highly confidential" or "confidential," however convenient the government may find such a robotic practice, does not meet its duty of good cause. While "redacting documents may be one of the less pleasant aspects of modern law practice … it is also one of the more prevalent aspects." *United States v. Baker*, 1:20-cr-00288-LJL, 2020 U.S. Dist. LEXIS 142825, *12 (S.D.N.Y. Aug. 10, 2020); *see also Breon v. Coca-Cola Bottling Co*, 232 F.R.D. 49, 55 (D. Conn. 2005) (holding, in context of privilege review, that "where a document purportedly contains some privileged information … the "proper procedure in such instances is to redact the allegedly privileged communication and produce the redacted document").

The government asserts that, because the two letters are not "judicial documents," no presumption of public access exists. Govt. Opp. at 2. To begin, the government's contention that their two letters are now irrelevant to the judicial function is belied by the letters themselves, which were written and sent pursuant to the government's disclosure "obligations under *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny." 9/18/22 Govt. Ltr. at 1; 2/21/23 Govt. Ltr. at 1. They are also now part of the motion practice in this case – because of the government's decision to ignore Mr. Davis's repeated requests for *Brady* disclosure until the instant motion was brought. But even if the two letters are not "judicial documents," that does not answer the question of whether the designations should be removed as improper.

The dispute here concerns the government's confidentiality designation under the Protective Order. The Protective Order expressly permits the Court, upon motion, to order the de-

Hon. Valeri E. Caproni  March 24, 2023
Judge, Southern District of New York  Page 4
Re: *United States v. Davis*, 21 Cr. 603 (VEC)

designation of material improperly designated as confidential or highly confidential by the government. *See* Protective Order at ¶¶ 2, 3. As discussed herein, the challenged designations are overbroad and unsupported, and, accordingly, de-designation under the Protective Order is appropriate. *Id.*

Moreover, the Court's decision here is important. Because of the government's wholesale and improper designation, defense counsel was forced to separately move and seek permission to file Mr. Davis's March 9, 2023 letter motion under seal, with a redacted version filed electronically. This cumbersome procedure had to be followed even though nothing in the letters contained information requiring redaction, and the redactions themselves did not involve anything actually sensitive. Absent de-designation, this same cumbersome and unnecessary process will need to be followed every time information in the letters are referenced in these proceedings. Indeed, if the government is permitted to casually and designate any document as "confidential" or "highly confidential" in its entirety without good cause, it will most certainly impede both the defendant and this Court, and needlessly waste judicial resources. That was never the intent of the Protective Order in this case, and that should not be the result here.

Finally, the government tries to kick the can down the road, suggesting that the Court can consider the issue at trial. Govt. Opp. at 2-3. But there is no good cause for the redactions now, as the government has adduced no facts or "particular factual demonstration" (*Smith*, 985 F.Supp.2d at 523) showing that, unless they are designated, the letters will sabotage an ongoing investigation or endanger potential witnesses. Accordingly, the Court should order those designations withdrawn now.

## **CONCLUSION**

For the foregoing reasons, the government's designation of its September 18, 2022 and February 21, 2023 letters as "confidential" and "highly confidential" under the Protective Order is inappropriate. The Court should order the government to remove those designations. At the least, the Court should order the government to end blanket designations and highlight those portions of the two letters it truly deems confidential, if any, so that Mr. Davis is better able to file his motions on ECF and ensure public access to this case and this litigation.

Respectfully submitted,

*/s/ Sabrina Shroff*
Counsel to Ronald Glen Davis

cc: All counsel of record (by ECF)