SABRINA P. SHROFF
ATTORNEY AT LAW

80 BROAD STREET, 19TH FLOOR
NEW YORK, NEW YORK 10004
TEL: (646) 763-1490

**MEMO ENDORSED**

May 2, 2024
**By ECF**

Hon. Valerie E. Caproni
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 05/03/2024

**_United States v. Davis_, 21 Cr. 603 (VEC)**

Dear Judge Caproni:

Ronald Glen Davis respectfully submits this letter request asking that he be provided with certain information material to his sentencing which is set for May 9, 2024.[1]

During today's sentencing of Mr. Rashad Sanford, the Court referenced certain paragraphs of his PSR that concern the loss amount in this case and attributed to Mr. Sanford as well as Mr. Davis. Those loss amounts, the Court's questions about the loss amount reflected in the Sanford PSR (as opposed to Mr. Sanford's personal information), are also relevant to Mr. Davis's sentencing. *See, e.g.,* 4/25/24 Govt. Sentencing Letter [ECF 1403] at 1 ("Davis launched his own sub-scheme to defraud the Plan with Rashad Sanford."). While I have found no case law that specifically supports this request, *United States v. Romano*, 825 F.2d 725, 728 (2d Cir. 1987) recognizes the principle that a defendant should be allowed process to ensure that the information presented to a sentencing court is accurate and reliable.

The information presented to the Court (and, reflected in the Sanford PSR) is relevant to Mr. Davis and may not be accurate as Mr. Sanford was incentivized to not challenge any facts in his PSR that made him appear less culpable than any other co-conspirators in the case. See also, *See also* 3 Charles Alan Wright, King & Klein, *Federal Practice & Procedure* § 524 (3d ed.) (reporting that Rule 32 was amended to respond to "the concern that the vitally important sentencing decision will be made on the basis of erroneous information"; *United States v. Hamad*, 495 F. 3d 241, 243 (6th Cir. 2007) (holding that, because "escalation of a sentence based on undisclosed evidence raises serious due process concerns," Rule 32 requires a sentencing court "either to disclose sufficient details about the evidence to give the defendant a reasonable opportunity to respond or ... to refrain from relying on the evidence"); *United States v. Baldrich*, 471 F.3d 1110, 1113 (9th Cir. 2006) (pointing out Rule 32's concern with ex parte communications that may result in the district court considering undisclosed or improper facts); *United States v. Coppenger*, 775 F.3d 799, 805 (6th Cir. 2015) (vacating a twenty-three-month sentence based on an upward variance because the district court relied almost exclusively on specific detailed information contained in Coppenger's codefendant's PSRs.

---

[1] It is unclear if Mr. Davis will seek an adjournment of the sentencing date after he reads the Rashad sentencing transcript. If the transcript shows that the Court adopted certain facts (*e.g.*, that Mr. Davis was the driver of the scheme), Mr. Davis would need additional time to address that issue, providing the "extraordinarily good cause" contemplated by the Court in its endorsement reflected in Docket Entry #1344.

Hon. Valerie E. Caproni  May 2, 2024
Judge, Southern District of New York  Page 2

Re: *United States v. Davis*, 21 Cr. 603 (VEC)

The *Coppenger* court concluded that "relying on specific detailed information not disclosed to the defendant[ ] is fundamentally at odds with the adversarial scheme established in Rule 32, which implicitly recognizes 'the right to review other information relied on by a court at sentencing.'" *Id.*

To be able to properly speak for Mr. Davis at sentencing, I respectfully request he be given (i) Mr. Sanford's sentencing transcript, pursuant to the Criminal Justice Act at a daily rate; and (ii) limited portions of Mr. Sanford's PSR – specifically, those paragraphs regarding loss amount, the Atlanta Spine Doctor scheme, and Mr. Sanford's overall offense conduct.

Respectfully submitted,

/s/ Sabrina Shroff
Counsel to Ronald Glen Davis

---

The Court has compared the portions of Mr. Davis's PSR and Dr. Sanford's PSR concerning the relevant conduct. There are no material differences, and no additional information regarding the loss amount or who initiated the scheme involving the Atlanta Spine invoices. Accordingly, Mr. Davis's request for access to Dr. Sanford's PSR is DENIED.

The Court APPROVES Mr. Davis's request to obtain Dr. Sanford's sentencing transcript at a daily rate. The Court notes, however, that Mr. Davis does not need this transcript to determine whether to seek a *Fatico* hearing or an adjournment, as Mr. Davis's counsel was present for the entirety of Dr. Sanford's sentencing hearing. Any request for a *Fatico* hearing is due **Monday, May 6, 2024**, and must include the parties' joint availability for a hearing during the week of May 6, 2024. The Court is extremely unlikely to adjourn the sentencing hearing in this matter past May 17, 2024, in light of the fact that both defense counsel and one AUSA assigned to this matter are scheduled to begin a lengthy trial on May 20, 2024.

By **today, May 3, 2024**, Mr. Davis is ordered to comply in full with Rule 3 of the Undersigned's Individual Practices with respect to the filing of his sentencing submissions. This includes (1) filing on the public docket Exhibit C to his sentencing submissions or a motion to seal that exhibit; (2) emailing Chambers, copying the Government, with a copy of exhibits to his sentencing submissions that highlights all of the proposed redactions to those exhibits; and (3) filing on the public docket a revised motion to redact his sentencing submissions that addresses why any redactions to Exhibits B-D are appropriate, as the motion to redact filed at Dkt. 1405 addresses only the redactions to the sentencing memorandum and Exhibit A.

SO ORDERED.

05/03/2024

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE